(56 Misc. Rep. 413.)

### FARMERS' LOAN & TRUST CO. v. McCARTHY et al.

(Supreme Court, Special Term, New York County. November, 1907.)

WILLS—LEGACIES—ABATEMENT—DISTRIBUTION PRO RATA.

> Where an executor with power of sale sold testator's real estate and converted the proceeds, so that the assets were insufficient to pay specific pecuniary legacies, though he paid some of them in full, and such proceeds formed the only fund from which the legacies, specific and residuary, could be paid, the loss should be borne ratably by both classes of legatees.

Action by the Farmers' Loan & Trust Company, trustee, against James R. McCarthy and others, for accounting and construction of a will. Judgment rendered.

James T. Horan and George S. Mittendorf, for plaintiff.
Mervyn MacKenzie, for defendants Neifert and others.
Williams & Caldwell, for defendants Crites and others.

BISCHOFF, J. Amanda E. McCarthy died seised of four parcels of real estate in this city and possessed of moneys in bank and other personalty, aggregating in value $4,300, besides certain household effects and personal belongings. By her will she provided for the payment of specific cash legacies, amounting to $11,000, and disposed of her residuary estate by creating a trust as to two-thirds for designated beneficiaries, and bequeathed the remaining one-third to her sister, Emiline Bittenbender. The will contained a power of sale in the following terms:

"Fourteenth. I authorize my executors for the execution of this my last will to sell and dispose of all my property, whether real or personal, or any part thereof, at public or private sale at such times and upon such terms and in such manner as to them shall seem proper for the benefit of my estate."

Albert J. Wise qualified as executor under the will and exercised the power of sale as to three of the parcels of real estate, the proceeds of sale being more than sufficient to satisfy the debts of the testatrix

and to pay all the legacies; but it appears that this executor made away with all the funds thus coming into his possession, with the exception of $2,500 paid by him to satisfy the legacies of two of the legatees in the sum of $1,000 each in full, and $500 paid upon account of a legacy of $3,000 to one legatee. Thereafter the executor died hopelessly insolvent. The plaintiff, as trustee, has become possessed of the proceeds of the sale of the fourth and remaining parcel of real estate, and the main question presented in this action is whether the specific legatees are to suffer by this devastavit, or whether the loss falls upon the persons interested in the residuary estate, or proportionately upon both.

The rule seems to be well settled that, where a devastavit occurs after a fund for the payment of specific legacies has been set aside, residuary legatees who have received their share may not be compelled to account to the specific legatees (Buffalo Loan, Trust & S. D. Co. v. Leonard, 154 N. Y. 142, 146, 47 N. E. 966); and it is also the general rule that a shrinkage of assets merely does not affect the rights of specific legatees to payment; the loss in such a case being made to fall upon the residuary legatees, because it affects only the residue of the estate. Id. In the present case there was no shrinkage of assets, and the amount which came into the hands of the executor was amply sufficient to pay all the legacies. No fund was set apart by him to pay them, and no payment was made to any of the persons entitled, excepting the three legatees above referred to. In my view of the case, the loss should be apportioned ratably between all the legatees, specific or general, whose claims remain unpaid. The testatrix clearly intended that all her estate, real and personal, should constitute a common fund for division among these classes of persons to be benefited; for the directions as to a sale of the real estate were mandatory in character, leaving discretion to the executor only as to the time and manner of sale. This power of sale related generally to all four parcels of real estate; and the circumstance that the executor had only sold three does not alter the fact that the proceeds of the remaining parcel, when sold, was by intention included in one and the same fund for the payment of all legacies. For all purposes of administration there was a conversion of the realty into personalty, and the devastavit simply lessened the whole fund thus applicable. These two classes of legatees were equally innocent, and the broad principle that equality is equity should find its expression here. Certainly the testatrix did not prefer one class over the other in such a situation, for it is not readily conceivable that she contemplated a devastavit by her chosen personal representative; and the suggestion that the specific legatees were lax in the enforcement of their rights, because they did not demand payment from the executor at the moment when the legacies should have been paid in the course of an orderly administration, overlooks the fact that the residuary legatees had an equal right to insist on an early settlement of the estate.

I do not find that the exact situation presented in this case has been passed upon by the courts of this state; but upon general principles of law I must hold that the case should be disposed of as I have indicated. In England a similar result was reached in the case of Dyose

v. Dyose, 1 P. Wms. 305; and, while the ruling of that case, in some of its aspects, was criticised (see Matter of Chadwin, 3 Swanst. 380), the criticism is found to have referred not to the rule as actually applied in the Dyose Case, but to some extension of the rule to facts not then before the court and to a situation not presented in the case at bar. The specific legatees who have received their legacies should not be required to contribute to the general fund, since they were entitled to what they received, and the devastavit actually affected only the fund which is to be applied to the payment of the other specific legatees and the claims of persons entitled to the residue. My conclusion is that the amount of the fund which, but for the devastavit constituted the assets available for the debts and legacies should be determined upon a reference; that the referee should take proofs of the debts, if any, and determine the amount payable to the administratrix with the will annexed of Amanda E. McCarthy, deceased; that, after the payment of debts, the fund remaining be distributed as between the specific and the residuary legatees in such proportion that the loss occasioned by the devastavit may be equally shared.

There is a question presented by the pleadings, although not touched upon by the briefs of counsel, relative to the provisions of the will whereby a trust was created in one-third of the residuary estate for the benefit of Hattie A. McCarthy. By the terms of this trust the beneficiary was not to receive all the income, as it would appear; the payment to her by the trustee being limited to the sum of $15 per week. Doubtless this would result in an unlawful accumulation of income, if the amount coming into the hands of the trustee and applicable to payment to the beneficiary exceeded the expressed weekly installment, and the income thus accumulated would, under the provisions of the statute, be payable to the person presumptively entitled to the next eventual estate. That person, however, was the beneficiary named, since she was to receive the whole of the principal of the trust fund upon her arriving at the age of 40 years, and the trust itself is not invalid. In view, however, of the condition of the estate because of the devastavit, this question of construction does not appear to be very material, since there can be no surplus income for disposal, the small sum now applicable for investment, as the trust fund, being incapable of yielding an income approaching $15 per week in any possible aspect.

Form of decision and interlocutory judgment may be presented upon notice of settlement in accordance with the views expressed.

Judgment accordingly.